**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **GREG ALLEN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. IP 02 C 0902** |
| | ) | |
| **INTERNATIONAL TRUCK AND ENGINE CORPORATION (incorrectly sued as NAVISTAR INTERNATIONAL, CORP.,)** | ) | **Judge Richard L. Young** |
| | ) | **Magistrate Judge Tim A. Baker** |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S EMERGENCY MOTION TO QUASH SUBPOENAS TO WAYNE CARVER AND RALPH FUSSNER AND PORTIONS OF THE RIDER TO THE SUBPOENAS OF DANTE CLAY, WAYNE CARVER AND RALPH FUSSNER**

Pursuant to Fed. R. Civ. Proc. 26(b)(3) and 45(c), Defendant, International Truck and Engine Corporation ("International" or "Defendant") and David J. Parsons, Shanthi V. Gaur, Garrison L. Phillips of Littler Mendelson (collectively "Littler Counsel") hereby file their Motion to Quash: (1) a subpoena for the deposition of Wayne Carver; (2) a subpoena for the deposition of Ralph Fussner; and (3) portions of the rider attached to the notice of deposition of Messrs. Carver and Fussner, and Mr. Dante Clay. In support of this Motion, International and Littler Counsel state as follows:

1. On June 16, 2006, Plaintiffs faxed International copies of two subpoenas directed to former employees Wayne Carver and Ralph Fussner of North American Security Solutions, Inc ("NASS"). The subpoenas purport to set these depositions in Dayton, Ohio on June 20, 2006, thereby giving International's counsel one business day's notice to arrange for travel to Dayton, Ohio. See Exhibit 1, attached hereto.

2. In light of the one-day advance notice for these depositions, International advised Plaintiffs' counsel, via electronic mail and in a telephone conversation, of its position that the notice afforded by Plaintiffs' subpoenas is not "reasonable" under Rule 45 of the Federal Rules of Civil Procedure.  See Exhibit 2, attached hereto (email to Angel Krull).[1]

3. Additionally, Plaintiffs' June 16th subpoenas to Messrs. Carver and Fussner also seek the production of various documents, including "any and all documents indicating what instructions the undercover agents were given by International's lawyers, whether in-house counsel or outside counsel" and "documents indicating the identities of any one involved in the direction of the investigation who was employed by Littler Mendelson PC or by International Truck & Engine Corporation."  See Exhibit 1; see also Exhibit 3, attached hereto (Dante Clay notice of deposition and subpoena).  These production requests should be barred because the applicable deadline for this discovery has passed.

4. Specifically, on April 28, 2006, this Court ordered that discovery related to the issues raised by Plaintiffs' sanctions motion, and specifically issues regarding "what involvement Defendant's counsel may have had in directing the undercover investigation at the Defendant's facility," was to be completed within thirty days, or by May 30, 2006.  See Exhibit 4, attached hereto (April 28, 2006 Order).

5. On May 23, 2006, Plaintiffs filed a motion to extend discovery; however, that motion sought to extend merits-based discovery only, not the sanctions-related discovery that closed on May 30, 2006.  Specifically, Plaintiffs sought leave to take certain NASS depositions based upon International's document production of September 30, 2005.

---

[1] Plaintiffs had previously suggested that the NASS depositions could proceed on one of several dates, and June 20 was included in this list. However, prior to June 16, Plaintiffs had never indicated that they had selected June 20 as the final date on which they would proceed. Indeed, on June 15, 2006, International's counsel specifically advised Plaintiffs' counsel that given the late notice, International assumed the dates previously offered by Plaintiffs were no longer viable (see Exhibit 2, attached hereto).

6. Thereafter, on June 13, 2006, Littler's counsel contacted Fay Clayton to confirm the purpose for which Plaintiffs planned to take the NASS depositions (which, at that point, were not scheduled for a date certain). Ms. Clayton stated that the purpose of these depositions was for the merits of the lawsuit, that Plaintiffs may use the depositions for seeking discovery-related sanctions against International and that Plaintiffs would not use the depositions for the purpose of seeking sanctions against Littler counsel (see June 14, 2006 letter to Fay Clayton, attached as Exhibit 5 hereto; June 16, 2006 letter from Fay Clayton, attached as Exhibit 6 hereto).

7. Despite these statements, however, the document rider to the deposition subpoenas, seeking "any and all documents indicating what instructions the undercover agents were given by International's lawyers, whether in-house counsel or outside counsel" and "documents indicating the identities of any one involved in the direction of the investigation who was employed by Littler Mendelson PC or by International Truck & Engine Corporation," goes to the heart of the sanctions-related discovery that closed on May 30, 2006 pursuant to Magistrate Judge Baker's April 28 Order. Further, Ms. Clayton has not confirmed that Plaintiffs will not use any documents obtained or related discovery questions, to seek sanctions against Littler counsel, notwithstanding the formal close of discovery on that issue (see June 16, 2006 letter to Fay Clayton, attached as Exhibit 7 hereto).

8. Therefore, the rider must be modified in conformance with this Court's April 28, 2006 Order.

Wherefore, Defendant, International Truck and Engine Corporation and Littler Counsel, respectfully requests that pursuant to Fed. R. Civ. Proc. 45(c) and Fed. R. Civ. Proc. 26(b)(3) this Court quash the subpoenas to Wayne Carver and Ralph Fussner, and portions of the riders (as indicated herein) to the subpoenas of Messrs. Carver and Fussner and Dante Clay, and for any

other relief the Court deems just and appropriate.

Respectfully submitted,
INTERNATIONAL TRUCK AND
ENGINE CORPORATION

By: s/Shanthi V. Gaur
One of its Attorneys

David J. Parsons (IL No. 02147432)
Shanthi V. Gaur (IL No. 06224996)
Garrison L. Phillips (IL No. 06237872)
LITTLER MENDELSON, P.C.
200 North LaSalle Street, Suite 2900
Chicago, Illinois 60601
(312) 372-5520

Dated: June 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Samuel Fisher
Lee D. Winston
Wiggins, Childs, Quinn & Pantazis, P.C.
301 19th Street North
Birmingham, AL 35203
sfisher@wcqp.com
lwinston@wcqp.com
rcook@wcqp.com

Fay Clayton
Elizabeth J. Hubertz
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
fclayton@robinsoncurley.com
ehubertz@robinsoncurley.com

Thomas A. Brodnik
Anthony B. Ratliff
Stark, Doninger & Smith
50 South Meridian Street, Suite 700
Indianapolis, IN 46204
telephone: 317.638.2400
facsimile: 317.638.6618
tbrodnik@sdsfirm.com
aratliff@sdsfirm.com

Walter Jones
Linzey D. Jones
Pugh, Jones, Johnson & Quandt, P.C.
180 North LaSalle Street, Suite 3400
Chicago, IL 60601
telephone: 312.768.7800
facsimile: 312.768.7801
wjones@pjjq.com
ljones@pjjq.com

Emily Nicklin, Esq.
Mark J. Nomellini, Esq.
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2387
(312) 761-2200
enicklin@kirkland.com
mnomellini@kirkland.com

Richard Douglas Hailey
Raimey & Hailer
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240
(317) 848-3249
(317) 848-3259 (fax)
office@sprynet.com
rhailey@sprynet.com

A copy was also served via U.S. Mail, postage prepaid, before the hour of 5:00 p.m. on:

Terence L. Fague
Coolidge Wall Womsley & Lombard Co., LPA
33 West First Street, Suite 600
Dayton, OH 45402

s/Shanthi V. Gaur
Littler Mendelson, P.C.

200 North LaSalle Street, Suite 2900
Chicago, IL 60601
sgaur@littler.com