UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GREG ALLEN, ON BEHALF OF HIMSELF    )
AND ALL OTHER BLACK PERSONS         )
SIMILARLY SITUATED                  )
          Plaintiffs,               )          1:02-cv-0902-RLY-TAB
                                  )
       vs.                          )
                                  )
INTERNATIONAL TRUCK AND ENGINE      )
CORPORATION,                        )
          Defendant.                )

**DISCOVERY ORDER**

The parties appeared by counsel on December 5, 2011, for a telephonic conference to

address Plaintiffs'[1] motion to compel [Docket No. 392] and Defendant's motion to compel.

[Docket No. 387.]  Counsel were given a full opportunity to be heard on all issues related to

these motions.

As Defendant correctly noted, counsel recently participated in a September 13, 2011,

telephonic status conference, and the representations Plaintiffs' counsel made during that

conference are relevant to issues now before the Court.  Following that conference, the Court

issued an entry on September 14 referencing these representations that stated in relevant part:

> The parties disagreed about discovery and dispositive motions. The sole
> remaining claim for trial involves Matthew Whitfield's contention that, because
> of his race, the Defendant failed to hire him for various positions. Defendant
> asserted that it needs discovery as to Whitfield's back pay claim, including, if
> necessary, his deposition, and requested leave to file a dispositive motion as to the

---

[1]The only Plaintiff remaining in this class action is Matthew Whitfield, as all other claims
have been resolved.

timeliness of at least Whitfield's 1996 failure to hire claim. **Plaintiff objected, contending that the time for discovery and dispositive motions has long since passed, and asserting that this case, filed in 2002, needs to be finally resolved without delay.**

[Docket No. 374 at 1] (emphasis added).

This September 14 entry allowed the parties limited discovery as to damages only, to be completed by September 30, 2011, denied Defendant's request to file dispositive motions, and recommended that the case be set for a bench trial on or after December 1, 2011. [*Id.* at 1–2.] The District Judge subsequently set this matter for a bench trial beginning on January 11, 2012. [Docket No. 386.]  By all indications, this case will proceed to trial as scheduled.

Plaintiffs thus find themselves in the dubious position of seeking to compel discovery responses after previously indicating that no discovery was needed and that Plaintiffs were ready to proceed to trial.  Plaintiffs' counsel conceded at the December 5 conference that he was "guilty" of seeking discovery beyond what the Court had permitted.  Thus, there is simply no dispute that some of the discovery Plaintiffs seek to compel is unrelated to damages and goes beyond the Court's limited discovery order. [Docket No. 395.]  Nevertheless, the Court did permit limited discovery as to damages, and thus Plaintiffs are entitled to responses to discovery that is appropriately limited in this regard.

Plaintiffs' only discovery request that falls into this category are those interrogatories seeking complete compensation histories for all E-84 classification employees from January 1, 1996, until present.  In response to this request, Defendant produced charts pursuant to Fed. R. Civ. P. 33(d) providing a complete compensation history for all E-84 employees from 1996 until a 2008 major plant-wide layoff that would have eliminated Plaintiffs' position. [Docket No. 395 at 4.]  Plaintiffs contend that Defendant's charts are "confusing" and do not provide "the

necessary detail to allow Plaintiff[s] to determine which employees are appropriate

comparators." [Docket No. 393 at 3.] The Court disagrees.

The charts provide complete compensation history, including hours worked and salary

earned, for the employees and time period previously noted. Plaintiffs' real problem is that what

they really seek is additional information that "would assist the Plaintiff[s] in interpreting the

data that was produced." [Docket No. 393 at 3.] As Defendant points out, Plaintiffs should not

be permitted to oppose Defendant's request to re-depose Plaintiff concerning his damages "and

then effectively seek to improperly depose Defendant through written discovery." [Docket No.

395 at 4-5.] Accordingly, Plaintiffs' motion to compel is denied.

Turning to Defendant's motion to compel, there is no question that Defendant's

discovery requests are properly focused on damages. Plaintiffs object, however, on the grounds

that the purpose of reopening discovery was to obtain updated damages information; that

Whitfield has produced a variety of information that updates his damages claims; and that

Whitfield simply cannot locate other information Defendant seeks, such as certain tax returns.

[Docket No. 396.]

From the Court's perspective, it appears that Whitfield's discovery responses are

undeniably incomplete, but that he has made significant efforts to produce information that will

assist Defendant in addressing his damages claims. For example, Whitfield produced a Social

Security Earnings Statement from 1983-2010, income tax returns, including W-2s, for 2001, and

2007-10, and December pay stubs showing year-end earnings for 2007-11. Nevertheless, what

obviously is missing is Whitfield's tax returns for the years 1996-2000, and 2002-06.

Whitefield's counsel stated that Whifield has searched for these tax records and he has been

unable to locate them.  For some of these years Whitfield apparently may not even have filed tax

returns.  Given the rapidly approaching trial date, insufficient time exists to obtain these records

from the IRS, to the extent Whitfield did file returns for these years.

      The Court therefore concludes that Whitfield and his counsel must continue their efforts

to locate these records and produce, within seven days from the date of this order, any additional

tax returns that can be located.  To the extent that Whitfield's failure to retain and/or produce

these records truly prejudices the Defendant's ability to challenge Whitfield's damages claims,

that is an issue that Defendant can raise with the District Judge in the trial setting.  At this point,

Whitfield cannot produce what he does not have, and there is insufficient time to obtain the tax

records from the IRS, assuming they exist.  But any claims of prejudice that Defendant may seek

to assert must be properly considered in the context that Whitfield has produced a substantial

amount of information regarding his damages and that Defendant has deposed him on the issue

of damages, although admittedly that deposition did not occur recently.

      Finally, Whitfield has failed to verify his interrogatory responses.  Whitfield must do so

within seven days from the date of this order, and a copy of these verified responses must be

produced at that time to the Defendant.

      For the foregoing reasons, Plaintiffs' motion to compel [Docket No. 392] is denied.

Defendant's motion to compel [Docket No. 387] is granted in part and denied in part.

      Dated:  12/09/2011

                      _____

                      Tim A. Baker
                      United States Magistrate Judge
                      Southern District of Indiana

Copies to:

Russell W. Adams
WIGGINS CHILDS QUINN & PANTAZIS LLC
The Kress Building
301 19th Street Noth
Birmingham, AL 35203

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Rocco  Calamusa Jr.
WIGGINS CHILDS QUINN & PANTAZIS LLC
rcalamusa@wcqp.com

Fay  Clayton
ROBINSON CURLEY & CLAYTON
fclayton@robinsoncurley.com

Terence Leslie Fague
COOLIDGE WALL WOMSLEY & LOMBARD
fague@coollaw.com

Edward W. Feldman
MILLER SHAKMAN & BEEM LLP
efeldman@millershakman.com

Samuel  Fisher
WIGGINS CHILDS QUINN & PANTAZIAS LLC
sfisher@wcqp.com

Richard D. Hailey
RAMEY & HAILEY
rhailey@sprynet.com

Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON PC
chyndman@robinsoncurley.com

Kevin W. Jent
WIGGINS CHILDS QUINN & PANTAZIS LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

5

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Laurence H. Levine
laurence.levine@lhlevine.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Mark S. Mester
LATHAM & WATKINS LLP
mark.mester@lw.com

Emily  Nicklin
KIRKLAND & ELLIS
enicklin@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
mnomellini@kirkland.com

Darlene M. Oliver
ROBINSON CURLEY & CLAYTON PC
doliver@robinsoncurley.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Kristen  Travis
ROBINSON CURLEY & CLAYTON, P.C.
ktravis@robinsoncurley.com