UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREG ALLEN, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>INTERNATIONAL TRUCK AND ENGINE )<br>CORPORATION f/k/a NAVISTAR )<br>INTERNATIONAL CORPORATION, )<br>    Defendant. ) | 1:02-cv-902-RLY-TAB |

**ORDER ON PENDING MOTIONS**

**I.  Introduction**

Plaintiff Matthew Whitfield opted out of the class action against Defendant that included several allegations of employment discrimination. Plaintiff's trial is set for June 20, 2012, and Plaintiff and Defendant have moved to strike several witnesses. [Docket Nos. 385, 407.] Additionally, Plaintiff has moved to amend his witness and exhibit lists. [Docket No. 399.] For the reasons below, both motions to strike are denied, and Plaintiff is granted leave to amend his witness and exhibit lists.

**II.  Discussion**

    *A.  Defendant's motion to strike and Plaintiff's motion to amend*

Pursuant to Federal Rule of Civil Procedure 12(f) and 37(c)(1), Defendant moves to strike thirty-one witnesses from Plaintiff's final witness list. [Docket No. 385.] Defendant argues that these witnesses should be stricken because Plaintiff's witness list does not comply with Federal Rule of Civil Procedure 26(a)(3). [*Id.*] Rule 26(a)(3) provides:

1

> (A) In General. In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
>> (i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises . . . .

"If a party fails in these duties under Rule 26, that 'party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.'" *Coleman v. Tinsley*, No. 1:10-CV-327, 2012 WL 685499, at *1 (N.D. Ind. Mar. 2, 2012) (citing Fed. R. Civ. P. 37(c)(1)). While the Court need not make explicit findings when determining if the failure was substantially justified or harmless, the Court is guided by four factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Tribble v. Evangelides*, 670 F.3d 753, 670 (7th Cir. 2012); *Westefer v. Snyder*, 422 F.3d 570, 584 n. 21 (7th Cir. 2005).

Plaintiff's witness list fails to provide addresses and telephone numbers for thirty-one witnesses. [Docket No. 385 at 2–3.] Additionally, approximately half of the witnesses are only identified by last name. [*Id.*] Thus, Plaintiff's witness list does not comply with Rule 26. Nevertheless, the lack of information contained in Plaintiff's witness list is harmless. To the extent that the witnesses are Defendant's former employees [Docket No. 400], Defendant is not prejudiced by the missing contact information, because Defendant should have known who these witnesses are and possibly had contact information. Moreover, on December 30, 2011, Plaintiff filed a proposed amended witness list setting forth the full names, telephone numbers, and

addresses for the thirty-one witnesses. [Docket No. 399.] Since trial is set for June 20, 2012—more than six months after the December 30, 2011, disclosure—there is little prejudice to Defendant.

Defendant claims that Plaintiff has not detailed any attempts that it has taken to independently locate the witnesses' contact information. [Docket No. 412 at 1.] Defendant's argument, however, goes to whether Plaintiff was substantially justified, not whether the lack of information in Plaintiff's original witness list was harmless. Defendant also argues that Patricia Kelly is not a former employee of Defendant and therefore Kelly's contact information is not within its control. [*Id.*] Defendant's argument is now moot since Plaintiff provided contact information for the thirty-one witnesses in the proposed amended witness list, including Kelly.

In conclusion, the lack of contact information in Plaintiff's original witness list is incomplete and perhaps even sloppy, but nothing suggests it was done in bad faith or willfully. Plaintiff's omissions are harmless because Plaintiff's witnesses are primarily former employees of Defendant and Plaintiff's proposed amended witness list contains the required contact information. Accordingly, Plaintiff's motion for leave to amend the witness and exhibit lists [Docket No. 399] is granted,[1] and Defendant's motion to strike [Docket No. 385] is denied.

**B.  Plaintiff's motion to strike**

*1.  Disclosing Dr. Barkhaus*

Plaintiff raises several arguments in support of his motion to strike Dr. Barkhaus as an expert witness. [Docket No. 407.] First, Plaintiff argues that Defendant failed to timely disclose

---

[1] Plaintiff seeks to amend the exhibit list to correct an apparently inadvertent error in identifying a transcript. [Docket No. 399 at 2.] Defendant does not object.

Dr. Barkhaus as a witness. [*Id.* at 2.] The deadline for filing a final witness list was September 30, 2011 [Docket No. 374 at 2], and on September 30, 2011, Defendant timely filed its final witness list that included Dr. Barkhaus. [Docket No. 378 at 3.] While Plaintiff contends that Defendant's witness list does not specifically designate Dr. Barkhaus as an expert witness, Plaintiff fails to cite any rule or case that requires such an explicit designation. In any event, the witness list identifies Dr. Barkhaus as "Robert S. Barkhaus, Ph.D., CVE," which should be sufficient to put any reasonably diligent trial lawyer on notice that Defendant intends to call Dr. Barkhaus as an expert witness.

2.      *Timeliness of the expert report*

Plaintiff also claims that Dr. Barkhaus's expert report was untimely. [Docket No. 407 at 3.] The Court disagrees. Federal Rule of Civil Procedure 26(a)(2)(D) provides that "[a]bsent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial . . . ." The Case Management Plan put in place was done so in the context of this being a class-based case; there is no CMP in place specifically for plaintiffs opting out of the class. As such, there is no court order designating an expert disclosure deadline for Plaintiff and therefore the 90-day deadline applies. Relying on the 90-day deadline, Plaintiff claims that the expert report was untimely produced on December 29, 2011, since trial was set for January 11, 2012. [Docket No. 407 at 2.] Perhaps so, but fortunately for Defendant the trial date was vacated [Docket No. 402] and reset for June 20, 2012, rendering the expert report timely and minimizing any prejudice to Plaintiff.

Additionally, even if Dr. Barkhaus's expert report was untimely, the delay was substantially justified. *See* Fed. R. Civ. P. 37(c)(1). As Defendant explains, the delay "was

4

directly attributable to Plaintiff's failure to timely respond to Defendant's discovery request." [Docket No. 409 at 4.] According to Defendant, Dr. Barkhaus lacked the information necessary to assess Plaintiff's damages until Plaintiff produced the requested discovery. [*Id.*] Plaintiff did not reply to Defendant's argument. Therefore, even if the report was untimely, the record reflects that the delay was substantially justified.

      *3.     Rule 702 and Daubert*

The next argument that Plaintiff raises in support of his motion to strike is based on the exclusion principles found in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Similarly, *Daubert* requires courts to assume a gatekeeper function to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

Plaintiff attacks the reliability of Dr. Barkhaus's conclusions by asserting that "Dr. Barkhaus did not interview the Plaintiff to determine what factors may have affected his job search efforts." [Docket No. 407 at 5.] Plaintiff, however, cites no rule or case requiring a vocational expert to interview a plaintiff as a prerequisite to forming reliable opinions. Moreover, Dr. Barkhaus's report shows that he relied on numerous records, including Plaintiff's deposition testimony, to determine what factors may have affected Plaintiff's job search. [Docket No. 407-1.] These records are sufficient for Dr. Barkhaus to form a reliable expert

opinion as to Plaintiff's job search efforts. *See Erickson v. Baxter Healthcare, Inc.*, 131 F. Supp. 2d 995, 1001 (N.D. Ill. 2001) (finding that a doctor's review of medical records is sufficient to form a reliable expert opinion); *Bell v. Bd. of Educ. of Albuquerque Public Schs.*, No. 06-1137-JB-ACT, 2008 WL 5991062, at *24 (D.N.M. Nov. 28, 2008) (explaining that it is appropriate for an expert to rely on records and deposition testimony to form an expert opinion).

Plaintiff also attacks Dr. Barkhaus's conclusions by arguing that "Dr. Barkhaus's opinions regarding purported errors in Plaintiff's job application or resume are unreliable and highly prejudicial." [Docket No. 407 at 5.] Plaintiff fails to explain how reliance on the errors in Plaintiff's job application is unreliable or prejudicial and does not otherwise develop this argument. Thus, the Court need not consider Plaintiff's argument. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (stating that undeveloped, perfunctory, and conclusory arguments are deemed waived).

Plaintiff further argues that Dr. Barkhaus's conclusions are not based on specialized knowledge. [Docket No. 407 at 5.] But Plaintiff also does not develop this argument. *See Puffer*, 675 F.3d at 718. In any event, the expert report details the extensive training and experience that Dr. Barkhaus has as a vocational expert, and explains that Dr. Barkhaus relied upon his educational background and over thirty years of experience in the vocational field to reach his conclusions. [Docket No. 407-1.]

Finally, Plaintiff argues that the "expert report addresses several issues that either do not require expert testimony or are irrelevant to the claims and defenses in this case." [Docket No. 407 at 4.] Specifically, Plaintiff contends that expert testimony is not needed because Dr. Barkhaus's expected testimony is based on documents that can be offered at trial and facts

relating to Plaintiff's education and work history to which Plaintiff can testify. [*Id.*] Plaintiff mischaracterizes Dr. Barkhaus's reliance on those documents and facts. That information is foundational and therefore must be considered and explained before Dr. Barkhaus offers expert opinions.

Ultimately, nothing before the Court suggests that the reasoning and methodology employed by Dr. Barkhaus is scientifically invalid or that it will not assist the trier of fact. If Plaintiff believes that the expert's methodologies and conclusions are not credible, then "[v]igorous cross examination, presentation of contrary evidence and careful jury instructions . . . are the traditional and appropriate means of attacking shaky but admissible evidence." *Richman v. Sheahan*, 415 F. Supp. 2d 929, 946 (N.D. Ill. 2006) (citing *Daubert*, 509 U.S. at 596). Accordingly, Plaintiff's motion to strike Dr. Barkhaus as an expert witness is denied.

### III.  Conclusion

For the reasons above, Plaintiff's and Defendant's motions to strike [Docket Nos. 385, 407] are denied, and Plaintiff's motion for leave to amend his witness and exhibit lists [Docket No. 399] is granted. The amended witness and exhibit lists are deemed filed as of December 30, 2011.

Dated:  05/24/2012

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Russell W. Adams
WIGGINS CHILDS QUINN & PANTAZIS LLC
The Kress Building
301 19th Street Noth
Birmingham, AL 35203

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Rocco Calamusa Jr.
WIGGINS CHILDS QUINN & PANTAZIS LLC
rcalamusa@wcqp.com

Fay Clayton
ROBINSON CURLEY & CLAYTON
fclayton@robinsoncurley.com

Terence Leslie Fague
COOLIDGE WALL WOMSLEY & LOMBARD
fague@coollaw.com

Edward W. Feldman
MILLER SHAKMAN & BEEM LLP
efeldman@millershakman.com

Samuel Fisher
WIGGINS CHILDS QUINN & PANTAZIAS LLC
sfisher@wcqp.com

Richard D. Hailey
RAMEY & HAILEY
rhailey@sprynet.com

Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON PC
chyndman@robinsoncurley.com

Kevin W. Jent
WIGGINS CHILDS QUINN & PANTAZIS LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Laurence H. Levine
laurence.levine@lhlevine.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Mark S. Mester
LATHAM & WATKINS LLP
mark.mester@lw.com

Emily Nicklin
KIRKLAND & ELLIS
enicklin@kirkland.com

Mark J. Nomellini
KIRKLAND & ELLIS LLP
mnomellini@kirkland.com

Darlene M. Oliver
ROBINSON CURLEY & CLAYTON PC
doliver@robinsoncurley.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Kristen Travis
ROBINSON CURLEY & CLAYTON, P.C.
ktravis@robinsoncurley.com