UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GREG ALLEN,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　)　　1:02-cv-00902-RLY-TAB
　　　　　　　　　　　　　　　　　)
INTERNATIONAL TRUCK AND ENGINE　　)
CORPORATION,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

**ENTRY ON PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION
AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

　　　　This matter is set for a three-day bench trial beginning on June 20, 2012. On May 25, 2012, the parties, by counsel, participated in a telephone conference with the court to address objections raised by Defendant to a non-dispositive ruling of the Magistrate Judge with regard to depositions sought to be taken by the Defendant of witnesses said to be unavailable for trial. On May 29, 2012, the court entered its order (Docket # 424) confirming its oral ruling made at the time of the telephone conference, sustaining Defendant's objection to the Magistrate Judge's ruling insofar as Defendants would be allowed to take the depositions of George Bunton, Karen Reinking and Dr. Robert Barkhaus for the purposes of preserving trial testimony and that Plaintiff could make or renew any objection with respect to the admissibility of the testimony of those three witnesses at trial.

On June 5, 2012, Plaintiff filed a motion (Docket # 427) for reconsideration of the court's May 29, 2012, ruling with regard to the trial depositions or asked that in the alternative a protective order issue and the trial be continued. Plaintiff's motion is essentially a rehash of the arguments made during the telephonic conference on May 25, 2012. However, the court is convinced that fairness dictates that Plaintiff has an opportunity to take a discovery deposition of Dr. Robert Barkhaus prior to his giving trial testimony through a deposition. Both depositions can be accomplished the same day. The court is aware that it is not uncommon in the days leading up to trial for an expert witness, who is unavailable for trial and who has already provided a report (especially a rebuttal expert), to be deposed for purposes of discovery a few hours before he is offered at a deposition to preserve his trial testimony. There is no reason why that cannot occur in this instance.

As for the trial depositions of George Bunton and Karen Reinking, they may proceed, as this court previously ruled. Plantiff can claim no surprise that these witnesses might testify at trial as they were listed on Plaintiff Whitfield's witness list. Because both were also mentioned in discovery depositions, their discovery depositions could have been pursued by either party. What remains, due to these two witnesses' unavailability for trial, is to simply record their testimony, through deposition and allow the court to rule

2

on any admissibility objections which Plaintiff may offer at the time of trial.[1]

Plaintiff has also filed his Objections to Magistrate Judge's Order Denying Plaintiff's Motion to Strike Defendant's Expert (Docket # 428), seeking to have the court reverse the decision of Magistrate Judge Baker and to bar Dr. Barkhaus from testifying at trial. The issue of whether or not Dr. Barkhaus was timely revealed or his report produced in a timely manner was also a discussion during the telephone conference of May 25, 2012. The court has not changed its mind since that time and, in light of allowing Plaintiff to take a discovery deposition of Dr. Barkhaus prior to his trial deposition, does not at this time find that there would be undue prejudice to Plaintiff in allowing Dr. Barkhaus to be offered as an expert witness at trial. Nor do any of the other reasons offered by Plaintiff for overturning the Magistrate Judge's ruling convince the court that the ruling was in clear error. Consequently, the Plaintiff's objections are overruled.

**Conclusion**

For the reasons explicated in this entry, Plaintiff's Emergency Motion For Reconsideration (Docket # 427) is **DENIED** in all respects except that Plaintiff will be

---

[1] Plaintiff has asserted in his reply brief that his counsel traveled to North Carolina for one of the noticed trial depositions only to learn that the same had been cancelled by Defendant's counsel without giving Plaintiff notice. If that is the case, Defendant can expect to be responsible for Plaintiff's costs, but the court will hear further on that issue at the time of the pretrial conference on June 14, 2012.

3

allowed to take the discovery deposition of Dr. Barkhaus prior to his trial deposition. The two depositions should be taken on the same date. Plaintiff's Objections to Magistrate Judge's Order (Docket # 428) is **DENIED**. This matter will proceed to trial on June 20, 2012, with the final pretrial conference still to occur on June 14, 2012.

**SO ORDERED** this __12th__ day of June 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

All Counsel of Record