UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREG ALLEN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:02-cv-00902-RLY-TAB |
| | ) | |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION, f/k/a NAVISTAR INTERNATIONAL CORPORATION | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Plaintiff, Matthew Whitfield, filed this action against Defendant, International Truck and Engine Corporation, f/k/a Navistar International Corporation, alleging that Navistar discriminated against him on the basis of his race when it failed to hire him as an electrician, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. The matter ultimately proceeded to a bench trial, and the court held that Whitfield had failed to prove, by a preponderance of the evidence, that Navistar discriminated against him. Whitfield appealed to the Seventh Circuit Court of Appeals, which affirmed in part, reversed in part, and remanded. This matter now comes before the court on Whitfield's Motion for Entry of Final Judgment. For the reasons set forth below, the court **GRANTS IN PART** Whitfield's motion.

**I. Background**

The facts of this case are fully set forth in the Seventh Circuit's decision and need not be repeated herein, as they are not contested by the parties. *See Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 440-42 (7th Cir. 2014). A brief summary of the facts and procedural history follow.

Whitfield, an African-American, first applied for an electrician position with Navistar in 1996. While the union was initially unable to verify that Whitfield met the posted job requirements, it ultimately cleared him for hire in September 1998. At some point, a cover page with the word "black" was attached to Whitfield's application. In December 1999, Whitfield was unofficially told that Navistar would not hire him. Navistar hired several white electricians with less experience than Whitfield during this period.

Whitfield filed suit against Navistar in 2001 alleging that Navistar discriminated in hiring. Whitfield was a co-plaintiff with a certified class of 26 other African-American employees who only alleged a racially hostile work environment. The court separated Whitfield's hiring discrimination claim from that class action for trial. After the first day of Whitfield's bench trial, he attempted to introduce 59 exhibits and testimony from 19 witnesses from the earlier class action trial. Navistar objected, and the court took the issue under advisement.

On July 31, 2013, the court issued its Findings of Fact and Conclusions of Law, wherein the court rejected Whitfield's submission of evidence and held that Whitfield failed to prove Navistar violated Title VII or Section 1981. Whitfield appealed, and, on

June 6, 2014, the Seventh Circuit affirmed in part, reversed in part, and remanded. *Whitfield*, 755 F.3d at 448. In doing so, the Seventh Circuit identified seven errors committed by this court, which are summarized as follows:

1. The court should have assigned more weight to the fact that Whitfield's personnel file contained a cover page with the word "black" on it. *Id.* at 442-44.

2. The court should have assigned less weight to the fact that Navistar hired Donna Jackson, an African-American electrician, around the time of Whitfield's pending application. *Id.* at 444.

3. The record does not support the court's determination that Whitfield was rejected after his first application in 1996. *Id.* at 445.

4. The court should not have inferred a reason for why Navistar failed to hire Whitfield because Navistar was never able to identify the individual who made the final decision to not hire him. *Id.* at 445-46.

5. The court should have assigned more weight to the chart detailing the experience of Whitfield as compared to the electricians Navistar hired while Whitfield's application was pending. *Id.* at 446-47.

6. To the extent that the court excluded the class action evidence on the basis of relevancy, it was an abuse of discretion. *Id.* at 447.

7. The court treated the admissibility of the class action evidence inconsistently. *Id.* at 448.

Following the remand, neither party filed a statement of position, as required by the court's Local Rules. *See* S.D. Ind. L.R. 16-2 ("Within 21 days after the court receives

a case remanded by the court of appeals for further proceedings . . . each party must file a statement of position as to what action the court should take in the case."). On June 5, 2015, Whitfield filed the instant motion, requesting that the court enter final judgment in his favor based upon the Seventh Circuit's opinion. The parties subsequently conducted informal settlement negotiations, but those efforts were unsuccessful. In a telephonic status conference, the court indicated that it would issue a decision on liability and then allow the parties an opportunity to attend a settlement conference with the Magistrate Judge.

## II. Discussion

The court first addresses the proper course of action on remand. Finding that a brief reassessment of the evidence is required, the court then examines the issues of class action evidence admissibility, liability, and damages.

### A. Proper Course of Action

The parties disagree as to how the court should proceed in light of the Seventh Circuit's mandate. Whitfield contends that the Seventh Circuit's reversal conclusively determined Navistar's liability, and the court must simply enter final judgment now. Navistar reads the opinion differently, arguing that the court should reexamine the record or order a new trial. The court agrees with Navistar in that a reexamination of the record is appropriate.

Whitfield invokes the "mandate rule," which "requires a lower court to adhere to the commands of a higher court on remand." *United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995). However, the Seventh Circuit did not direct this court to enter judgment

4

for a particular party. If that was the appellate court's intent, it certainly could have done so, as it has issued that mandate in many other cases. *See e.g., Stinson v. Gauger*, 799 F.3d 833, 845 (7th Cir. 2015) ("[W]e Reverse the judgment of the district court and Remand with instructions to enter judgment in favor of the defendants."); *Lawson v. Sun Microsystems, Inc.*, 791 F.3d 754, 764 (7th Cir. 2015) ("[W]e Reverse the district court's judgment and Remand with instructions to enter judgment for Sun."). Those instructions are not found in the opinion though. In this case, the court of appeals affirmed in part, reversed in part, and remanded. The Seventh Circuit provided only one explicit instruction: "On remand, the district court should resolve its inconsistent treatment of Exhibit 6, and the rest of the class action evidence." *Whitfield*, 755 F.3d at 448.

As the Seventh Circuit recently explained,

> The general rule is that upon a reversal and remand for further consistent proceedings the case goes back to the trial court and there stands for determination of the issues presented as though they had not been determined before, pursuant, of course, to the principles of law enunciated in the appellate court's opinion which must be taken as the law of the case at the new trial.

*Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 645 (7th Cir. 2016) (quoting *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1207 (7th Cir. 1989)) (brackets omitted). While the Seventh Circuit's opinion discusses Navistar's liability at length, the court never explicitly states that Navistar is liable to Whitfield under either Title VII or Section 1981. Because the court declines to read between the lines and infer a finding of liability, the court must take a fresh look at that issue.

### B. Class Action Evidence

The Seventh Circuit concluded that this court treated evidence from the class action trial inconsistently during Whitfield's trial. On the first day of trial, the court remarked that Whitfield's Exhibit 6, an exhibit from the class action trial, was already part of the record. However, in the Findings and Conclusions, the court excluded evidence from the class action trial on several grounds, including lack of legal authority and timeliness.

The court now resolves that discrepancy by reaffirming that the class action evidence is excluded on the basis of form and timeliness. *See Whitfield*, 755 F.3d at 447 ("[T]he district court was within its discretion to refuse to admit this evidence for its form (a blanket admission of voluminous exhibits and testimony) and its timeliness (after trial had begun)."). The admission of Whitfield's Exhibit 6 into evidence is therefore reversed.

### C. Liability

Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 makes it unlawful for an employer to discriminate on the basis of race when "mak[ing] and enforc[ing] contracts." 42 U.S.C. § 1981(a). *See Bagwe v. Sedgwick Claims Mgmt. Servs.*, 811 F.3d 866, 879 (7th Cir. 2016). "Title VII claims and § 1981 claims have the same liability standard." *Deets v. Massman Constr. Co.*, 811 F.3d 978, 983 (7th Cir. 2016).

In its Findings and Conclusions, the court noted that there are two ways in which a plaintiff may prove discrimination under Title VII or Section 1981, namely the "direct" and "indirect" methods of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (setting forth the elements of the indirect, burden shifting method). The court proceeded to analyze the evidence at trial pursuant to these two methods. On appeal, the Seventh Circuit did the same. That was in error. In many cases, the Seventh Circuit has made clear that the indirect method "is purely a tool for summary-judgment analysis." *Smith v. Chi. Transit Auth.*, 806 F.3d 900, 905 n.1 (7th Cir. 2015). Once a case proceeds to trial and evidence has been presented, "the burden-shifting of the *McDonnell Douglas* method falls away, and the question is simply whether that evidence is sufficient to allow a reasonable jury to find in favor of the plaintiff." *Hall v. Forest River, Inc.*, 536 F.3d 615, 621 (7th Cir. 2008). Thus, the narrow question before the court is whether Plaintiff "presented enough evidence to allow a rational jury to find that [he] was the victim of discrimination." *Massey v. Blue Cross-Blue Shield*, 226 F.3d 922, 925 (7th Cir. 2000).

Having considered the Seventh Circuit's opinion, the court now holds that Navistar is liable to Whitfield under both Title VII and Section 1981 for refusing to hire him because of his race. This holding is based upon the following facts: (1) Whitfield met the qualifications for the open electrician position; (2) Navistar hired several white electricians with less experience while Whitfield's application was pending; (3) Whitfield's personnel file contained a cover page with the word "black" on it; and (4) Navistar failed to articulate a legitimate, non-discriminatory reason for not hiring

Whitfield.  A rational jury presented with these facts would find that Whitfield was the victim of unlawful discrimination.  There is no need to hold a new trial.

### D. Damages

In addition to establishing liability, the court offers a brief discussion on damages in order to assist the parties in their settlement efforts.  Whitfield seeks back pay with compounded interest in the amount of $1,815,107.37, lost pension benefits in the amount of $23,000.00, compensatory damages in an amount determined by the court, punitive damages in an amount determined by the court that is "at least an amount equal to the back pay and compensatory damages awarded," costs, and attorneys' fees.  He contends that no deductions from the back pay award are appropriate because: (1) Navistar failed to elicit testimony regarding interim earnings at trial, and (2) Navistar failed to carry its burden of proving a failure to mitigate damages.  Navistar does not discuss damages at all in its Response brief.  Whitfield then contends, in his Reply brief, that Navistar waived the issue.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

In essence, Whitfield argues that the court should ignore the fact that he was earning an income while attempting to get hired by Navistar, and provide him with the full salary he claims he would have earned at Navistar from 1998-2008.  This the court cannot do.  First, regardless of Navistar's alleged trial error and waiver, Title VII expressly requires the court to deduct interim earnings from a back pay award: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against *shall* operate to reduce the back pay otherwise allowable."  42

U.S.C. § 2000e-5(g)(1) (emphasis added). *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion.").

More importantly, granting Whitfield's request for back pay would confer an unjust windfall, which runs afoul of Congress' intent. It is well established that "one of the main purposes of Title VII is 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" *Ariz. Governing Comm. for Tax Deferred Annuity & Deferred Comp. Plans v. Norris*, 463 U.S. 1073, 1091 (1983) (quoting *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975)). Put another way, "The object of Title VII is not to provide plaintiffs with a windfall, but rather to restore them to the position they would have been in but for the wrongful acts of defendants." *Stephenson v. ALCOA*, 915 F. Supp. 39, 57-58 (S.D. Ind. 1995). The back pay award Whitfield seeks goes far beyond making him whole because he would effectively have earned two salaries for a period of ten years.

## III. Conclusion

Therefore, the court **VACATES** its Findings of Fact and Conclusions of Law (Filing No. 467) to the extent that they are inconsistent with the Seventh Circuit's opinion. The court further **VACATES** its Final Judgment (Filing No. 468) and **GRANTS IN PART** Matthew Whitfield's Motion for Entry of Final Judgment (Filing No. 479). Whitfield's motion is granted in part because the court only resolves the issue of liability.

9

The court takes the issue of damages under advisement.  If the parties are unable to settle the case with Magistrate Judge Baker, the court will hold a damages hearing.

**SO ORDERED** this 23rd day of May 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.