IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREG ALLEN, et al., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>INTERNATIONAL TRUCK AND )<br>ENGINE CORPORATION, f/k/a )<br>NAVISTAR INTERNATIONAL )<br>CORPORATION, )<br>)<br>Defendant. ) | Civil Action No.<br>1:02-CV-00902-RLY-MJD |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Plaintiff, by and through his attorneys, move the Court for an award of attorneys' fees in the amount of $850,000.00. This request is based on the following:

1. Matthew Whitfield's lawsuit was filed in October 2001. The case was styled *Greg Allen, et. al. v. International Truck and Engine f/k/a Navistar International Corp.* The case was originally filed in the United States District Court for Northern District of Illinois and was transferred to the Southern District of Indiana. Whitfield's individual hiring claim was brought along with (1) class claims of a racially hostile work environment and (2) a number of other individual claims, including claims of retaliation, discipline, and discriminatory treatment. From 2001 to 2006, discovery was conducted for both the class hostile environment claims and Whitfield's individual claims. Because Whitfield was not hired, he was not part of the hostile environment class. While discovery for both cases was conducted during the same time frame, discovery, including written discovery and depositions, related

1

to Whitfield's hiring claims was distinct and related to separate issues than the class hostile environment claims.

2.     The class hostile environment trial took place in September 2006. Prior to the conclusion of trial, the Parties reached a settlement as to the class claims. The terms of the settlement included the entry of a Consent Decree, payment to the class members, strong injunctive relief (new policies, training, monitors, and a personnel oversight committee made up of former judges and Department of Justice officials) and payment of attorneys' fees and expenses related to the class claims. The settlement and Consent Decree specifically excluded Whitfield's claims, as well as attorneys' fees, costs, and expenses related to Whitfield. Because Whitfield was not part of the class and because his hiring claims were specifically excluded from the Settlement/Consent Decree, he received no compensation from the settlement and no part of the settlement went to cover the fees associated with his case.

3.     After the Consent Decree was entered and implemented, the Parties re-focused on the remaining individual claims, including Whitfiled's. From 2010 to 2012, the Parties engaged in pre-trial procedures and trial preparation in Whitfield's case. In June 2012, a bench trial was held in Whitfield's case. The bench trial took place in two parts and concluded in September 2012 with post trial submissions prepared and filed in October 2012.

4.     In April 2013, Judge Young issued an Opinion and Order ruling in favor of Navistar and against Whitfield. Plaintiff appealed. The case was on appeal to the 7th Circuit, including briefing and oral argument, from April 2013 to June 2014 when

the 7th Circuit reversed and remanded the case back to the District Court to enter judgment consistent with its Opinion and Order.

     5.     Whitfield filed a Motion for Entry of Final Judgment in June 2015, which was briefed and the Court held a hearing. On May 23, 2016, this Court issued an Order and Opinion, consistent with the 7th Circuit's ruling, finding in favor of Whitfield as to liability and leaving the issue of damages to be determined separately by the Court. Pursuant to the Court's request, the Parties submitted briefs and evidence on the issue of damages and oral argument was held in Evansville in February 2017. On April 18, 2017, Judge Young issued a preliminary damage award to Whitfield in the amount of $877,633.30. The Court then requested briefs and evidence related to the tax component of the award. After submissions by both Parties, including experts, on June 14, 2017, the Court issued a revised and final damage award and Final Judgment in favor of Whitfield for $934,122.30. Thus, leaving attorneys' fees as the only remaining issue in this long ongoing litigation.

     6.     Based on the Final Judgment entered in this case on June 14, 2017 in favor of Whitfield and against Navistar, Whitfield is the prevailing party. In *Hensley v. Eckhart,* the Supreme Court stated that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. 424, 433 (1983) (citing *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978). Accordingly, since Whitfield is a prevailing party in this action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 1991, and 42

U.S.C. § 1981, he now seeks payment of attorneys' fees for work performed necessary to prosecute his employment discrimination claim. *See Chistiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)(Citing the "private attorney general" role of civil rights plaintiffs, the Supreme Court held that under these statutes a prevailing plaintiff is awarded attorneys' fees as a matter of right in the absence of special circumstances); *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163, 172 (1980). Navistar does not dispute that Whitfield is the prevailing party and thus, entitled to attorneys' fees and expenses. Given the strongly contested nature of the litigation, and the extremely lengthy time period covered by this litigation, including discovery, a multi-part trial, an appeal to the 7th Circuit, post appeal briefing, and bifurcation of damages, along with the excellent result eventually obtained in the almost million dollar judgment entered in favor of Plaintiff, and Plaintiff's counsel is due to be awarded the fee requested.

7. The 7th Circuit has recognized the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974), can be utilized when determining what fee to award counsel. *Mathur* at 742, n.1. These factors include (1) time and labor required; (2) novelty and difficulty of the issues involved; (3) skill required to perform the work properly; (4) preclusion of other employment; (5) customary fee and awards in similar cases; (6) whether the fee is fixed or contingent; (7) limitations imposed by the circumstances; (8) amount involved and results obtained; (9) undesirability of case; (10) nature and length of professional relationship with client;

(11) time required to reach settlement or judgment; and (12) experience, reputation, and ability of attorneys. An application of these factors strongly support the fees requested. (See Declaration of Rocco Calamusa, Jr. attached as Exhibit #1).

8. Based on the hours expended in the case, the hourly rates appropriate to the attorneys and staff involved, and the application of 7th Circuit law to the facts of this case, Plaintiff's attorneys seek a fee award of $850,000.00. This amount is for all counsel which represented Plaintiff in this matter.

WHEREFORE, Plaintiff requests an award of attorneys' fees in the amount of $850,000.00 to be paid by Defendant Navistar in this action.

Respectfully Submitted,

/s/ Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Samuel Fisher
Wiggins, Childs, Pantazis, Fisher &
   Goldfarb, LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone:(205) 314-0500
Facsimile: (205) 254-1500
sf@wigginschilds.com
rcalamusa@wigginschilds.com

Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
Telephone: (312) 663-3100
Facsimile: (312) 663-0303
chyndman@robinsoncurley.com

                                        Richard D. Hailey
                                        Ramey and Hailey
                                        3905 Vincennes Road, Suite 303
                                        Indianapolis, IN 46268
                                        Telephone: (317) 582-0000

                                        *Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which provides electronic notice to the following opposing counsel:

Harold R. Bickham
John R. Maley
**BARNES & THORNBURG LLP**
11 South Meridian Street
Indianapolis, IN 46204

This the 11th day of December, 2017.

                                        /s/ Rocco Calamusa, Jr.
                                        OF COUNSEL